IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELLACONIC IP LLC, <br><br> Plaintiff, <br><br> v. <br><br> CURB MOBILITY, LLC, <br><br> Defendant. | Civil Action No. <br><br> Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mellaconic IP LLC ("Mellaconic" or "Plaintiff") files this Original Complaint against Defendant Curb Mobility, LLC ("Curb" or "Defendant") for infringement of U.S. Patent No. 9,986,435 (the "'435 patent"). The '435 patent is referred to herein as the "patent-in-suit."

**THE PARTIES**

1. Plaintiff is a Texas limited liability company having an address at 6009 W Parker Road, Ste 1027, Plano, Texas 75093.

2. Defendant Curb Mobility, LLC is a limited liability corporation organized under the laws of Delaware with a place of business located at 11-11 34th Avenue, Long Island City, NY 11106.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has general personal jurisdiction over Defendant because Defendant is engaged in substantial and not isolated activity within this judicial district. This Court has specific

1

jurisdiction over Defendant because Defendant has committed acts of infringement giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Defendant in this Court would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement of Mellaconic's rights in the patent-in-suit in this district by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the patent-in-suit. Defendant has (1) operated the Internet website, https://gocurb.com/, and provided mobile applications (the "Curb app" and "Curb Driver app"), which are available to and accessed by users, customers, and potential customers of the Defendant, both riders and drivers, within this judicial district; (2) operated within the judicial district, with ride booking offered to users, drivers, customers, and potential customers of Defendant in locations including New York City; (3) actively advertised to employ (and in fact hired) residents within this judicial district; (4) transacted business within this judicial district; (5) infringed, actively infringed and/or induced infringement of Mellaconic's patent rights in this judicial district; (6) established regular and systematic business contacts within the State of New York; and (7) continued to conduct such business in New York through the continued operation within the district. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant has transacted business in this district and has committed acts of infringement of Mellaconic's patent rights in this district by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the patent-in-suit. Defendant has

regular and established places of business in this district, including a location at 11-11 34th Avenue, Long Island City, NY 11106.

## THE PATENT-IN-SUIT

7.  The '435 patent is titled "Autonomous, Non-Interactive, Context-Based Services for Cellular Phone." A copy of the '435 patent is attached hereto as Exhibit A. The inventions claimed by the '435 patent generally relate to new and novel systems and methods for providing context-based services or applications on a cellular telephone.

8.  The '435 patent lawfully issued on May 29, 2018, and stems from U.S. Patent Application No. 14/885,515 filed on October 16, 2015. U.S. Patent Application No. 14/885,515 is a continuation of U.S. Patent Application 14/293,376, filed on June 2, 2014, now U.S. Patent No. 9,177,311, which is a continuation of U.S. Patent Application No. 13/941,853, filed on July 15, 2013, now U.S. Patent No. 8,744,429, which is a continuation of U.S. Patent Application No. 12/415,027, filed on March 31, 2009, now U.S. Patent No. 8,532,642.

9.  The named inventors on the patent-in-suit are Miodrag Potkonjak and Nathan Beckmann.

10. Each claim of the patent-in-suit is presumed valid and directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I
### (Infringement of U.S. Patent No. 9,986,435)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

13. Plaintiff is the owner of the '435 patent with all substantial rights to the '435 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

14. The '435 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendant has, and continues to, infringe one or more claims of the '435 patent in this judicial district and elsewhere in Texas and the United States.

**DIRECT INFRINGEMENT (35 U.S.C. §271(a))**

16. Defendant has directly infringed, and continues to directly infringe, either by itself or via an agent, at least claim 21 of the '435 patent by, among other things, making, supporting, and/or operating the systems that support Curb apps (the "Accused Systems").

17. For example, as described in paragraphs 18-22 (below), the Accused Systems perform the method of claim 21 at least when Curb notifies a Curb driver of a ride request.

18. The Accused Systems receive, by a first device located at a first location (e.g., a Curb server), one or more messages that indicate location information of a second device located at a second location (e.g., a mobile device with Curb app). As evidenced below, a device enabled with the Curb app sends location information to a Curb server which uses the location information to identify a ride/vehicle.

In order to provide our Services, we must collect and use certain personal data. This includes:

- User profile data, which we use to establish and maintain Accounts; verify user identity; communicate with users about their Services, requests and Accounts; and enable users to make payments or receive earnings
- Background information, which is used to verify an applicant's eligibility to be provide transportation
- Location data, which we use to facilitate and track trips and assist with navigation
- Usage data, which is necessary to maintain, optimize and enhance the Services, including to determine incentives, connect passengers and drivers and calculate costs of trips
- Transaction and payment information
- Information relating to customer support

https://mobileapp.gocurb.com/privacy/



https://apps.apple.com/us/app/curb-driver/id1342570911

19. The Accused Systems also receive, at a first device (e.g., a Curb server), one or more messages that include a request for a first action (e.g., notifying a Curb driver's mobile device of a ride request) to be performed by the first device (e.g., Curb server), wherein the request is related to the location information of the second device (e.g., location of mobile device requesting ride). As evidenced below, a device enabled with the Curb app sends a request to a Curb server to alert a Curb driver (via the Curb Driver app on the driver's device) that a ride has been requested.


https://play.google.com/store/apps/details?id=com.ridecharge.android.taximagic&hl=en_US


https://play.google.com/store/apps/details?id=com.verifone.curb.driver&hl=en_US

6

20. The one or more messages (e.g., a ride request message from a mobile device enabled with Curb app, messages with location updates from a mobile device enabled with Curb app) are received from the second device (e.g., mobile device enabled with Curb app).

21. The location information of a second device (e.g., location of mobile device enabled with Curb app requesting ride) acts as authentication to allow the first action (e.g., notifying a Curb driver's mobile device of a ride request) to be performed by the first device (e.g., Curb server). The location information of the second device (e.g., location of mobile device requesting ride) acts as authentication to allow the first action (e.g., notifying a Curb driver's mobile device of a ride request) because it permits the first device (e.g., Curb server) to perform the first action (e.g., notifying a Curb driver's mobile device of a ride request).

22. The Accused Systems perform, based at least on the received one or more messages (e.g., a ride request message from a mobile device enabled with Curb app, messages with location updates from a mobile device enabled with Curb app), by the first device (e.g., Curb server), the authenticated first action (e.g., notifying a Curb driver's mobile device of a ride request based on location information) that is related to controlling a third device (e.g., causing a Curb driver's mobile device enabled with the Curb Driver app to display a ride request interface). As evidenced below, when a nearby device requests a ride using the Curb app, a Curb driver's mobile device receives a notification that causes it to display a ride request via the Curb Driver app.



https://apps.apple.com/us/app/curb-driver/id1342570911

https://play.google.com/store/apps/details?id=com.ridecharge.android.taximagic&hl=en

23. Defendant is liable for its infringements of the '435 patent pursuant to 35 U.S.C. § 271.

24. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25. Plaintiff has satisfied the requirements of 35 U.S.C. § 287 and is entitled to recover damages for infringement occurring prior to the filing of this lawsuit.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '435 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: August 31, 2020 | Respectfully submitted,<br><br>**LAW OFFICE OF NICHOLAS LOAKNAUTH, P.C.**<br><br>/s/ Nicholas Loaknauth<br>Nicholas Loaknauth<br>SDNY No. NL0880<br>1460 Broadway<br>New York, New York 10036<br>Tel: (212) 641-0745<br>Fax: (718) 301-1247<br>nick@loaknauthlaw.com<br><br>**GRIFFIN LAW PLLC**<br><br>Ryan Griffin (*pro hac vice forthcoming*)<br>Texas Bar No. 24053687<br>312 W 8th Street<br>Dallas, TX 75208<br>Tel: (214) 500-1797<br>ryan@griffiniplaw.com<br><br>Attorneys for Plaintiff<br>**MELLACONIC IP LLC** |