IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELLACONIC IP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GT GETTAXI LIMITED,<br><br>    Defendant. | Civil Action No.   20-cv-7091<br><br>Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mellaconic IP LLC ("Mellaconic" or "Plaintiff") files this Original Complaint against Defendant GT Gettaxi Limited ("Gett" or "Defendant") for infringement of U.S. Patent No. 9,986,435 (the "'435 patent"). The '435 patent is referred to herein as the "patent-in-suit."

**THE PARTIES**

1. Plaintiff is a Texas limited liability company having an address at 6009 W Parker Road, Ste 1027, Plano, Texas 75093.

2. Defendant GT Gettaxi Limited is a limited company organized under the laws of Cyprus with an address at 17 Gr. Xenopoulou Street, Limassol, 3106 Cyprus.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant based on the New York long-arm statute and due process. Defendant is subject to personal jurisdiction at least based on its business in this State, including: (A) at least part of its infringing activities alleged herein; and (B)

regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods or services provided to customers and end users of its apps in this State.  Defendant has conducted and regularly conducts or solicits business within the United States and New York. Upon information and belief, Defendant has provided or facilitated rides for customers or end users in New York through one or more of its apps (e.g., Gett, Gett Driver). *See* https://gett.com/uk/faq/user-faqs/getting-started/where-can-i-use-gett/ ("[Y]ou'll find us in ***New York***, Moscow, St. Petersburg and all over Israel.  Just open the app and your location will be automatically updated.") (emphasis added). Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in New York and this district.  Defendant has sought protection and benefit from the laws of the State of New York by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be acquired and used by consumers and/or end users in this district. For example, Defendant makes its apps available to consumers and end users in this district through Google Play and the Apple App Store. *See* https://play.google.com/store/apps/details?id=com.gettaxi.android&hl=en_US, https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US, https://apps.apple.com/us/app/gett-worldwide-ground-travel/id449655162. And, as discussed above, Defendant advertises that its apps can be used in New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because Defendant is not a resident of the United States and, thus, may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c).

**THE PATENT-IN-SUIT**

7. The '435 patent is titled "Autonomous, Non-Interactive, Context-Based Services for Cellular Phone." A copy of the '435 patent is attached hereto as Exhibit A. The inventions

claimed by the '435 patent generally relate to new and novel systems and methods for providing context-based services or applications on a cellular telephone.

8. The '435 patent lawfully issued on May 29, 2018, and stems from U.S. Patent Application No. 14/885,515 filed on October 16, 2015. U.S. Patent Application No. 14/885,515 is a continuation of U.S. Patent Application 14/293,376, filed on June 2, 2014, now U.S. Patent No. 9,177,311, which is a continuation of U.S. Patent Application No. 13/941,853, filed on July 15, 2013, now U.S. Patent No. 8,744,429, which is a continuation of U.S. Patent Application No. 12/415,027, filed on March 31, 2009, now U.S. Patent No. 8,532,642.

9. The named inventors on the patent-in-suit are Miodrag Potkonjak and Nathan Beckmann.

10. Each claim of the patent-in-suit is presumed valid and directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I
### (Infringement of U.S. Patent No. 9,986,435)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

13. Plaintiff is the owner of the '435 patent with all substantial rights to the '435 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

14. The '435 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendant has, and continues to, infringe one or more claims of the '435 patent in this judicial district and elsewhere in Texas and the United States.

## DIRECT INFRINGEMENT (35 U.S.C. §271(a))

16.     Defendant has directly infringed, and continues to directly infringe, either by itself or via an agent, at least claim 21 of the '435 patent by, among other things, making, supporting, and/or operating the systems that support Gett apps (the "Accused Systems").

17.     For example, as described in paragraphs 18-22 (below), the Accused Systems perform the method of claim 21 at least when Gett notifies a Gett driver of a ride request.

18.     The Accused Systems receive, by a first device located at a first location (e.g., a Gett server), one or more messages that indicate location information of a second device located at a second location (e.g., a mobile device with Gett app). As evidenced below, a device enabled with the Gett app sends location information to a Gett server which uses the location information to identify a ride/vehicle.

> 7.4 Riders and Drivers
>
>> 7.4.1 We share certain information about Riders (including but not limited to name, pickup and drop-off locations, route information, profile picture) with Drivers to enable the scheduling and provision of the Services.
>>
>> 7.4.2 We share certain information about Drivers (including but not limited to name, rating, location, profile picture, license plate number, fleet information, birthday week) with Riders to enable the scheduling, provision, and receipt of the Services.

https://gett.com/uk/legal/privacy/



https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US



https://play.google.com/store/apps/details?id=com.gettaxi.android&hl=en_US

19. The Accused Systems also receive, at a first device (e.g., a Gett server), one or more messages that include a request for a first action (e.g., notifying a Gett driver's mobile device of a

5

ride request) to be performed by the first device (e.g., Gett server), wherein the request is related to the location information of the second device (e.g., location of mobile device requesting ride). As evidenced below, a device enabled with the Gett app sends a request to a Gett server to alert a Gett driver (via the Gett Driver app on the driver's device) that a ride has been requested.



https://play.google.com/store/apps/details?id=com.gettaxi.android&hl=en_US



https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US

7.4 Riders and Drivers

7.4.1 We share certain information about Riders (including but not limited to name, pickup and drop-off locations, route information, profile picture) with Drivers to enable the scheduling and provision of the Services.

7.4.2 We share certain information about Drivers (including but not limited to name, rating, location, profile picture, license plate number, fleet information, birthday week) with Riders to enable the scheduling, provision, and receipt of the Services.

https://gett.com/uk/legal/privacy/

20. The one or more messages (e.g., a ride request message from a mobile device enabled with Gett app, messages with location updates from a mobile device enabled with Gett app) are received from the second device (e.g., mobile device enabled with Gett app).

21. The location information of a second device (e.g., location of mobile device enabled with Gett app requesting ride) acts as authentication to allow the first action (e.g., notifying a Gett driver's mobile device of a ride request) to be performed by the first device (e.g., Gett server). The location information of the second device (e.g., location of mobile device requesting ride) acts as authentication to allow the first action (e.g., notifying a Gett driver's mobile device of a ride

request) because it permits the first device (e.g., Gett server) to perform the first action (e.g., notifying a Gett driver's mobile device of a ride request).

22. The Accused Systems perform, based at least on the received one or more messages (e.g., a ride request message from a mobile device enabled with Gett app, messages with location updates from a mobile device enabled with Gett app), by the first device (e.g., Gett server), the authenticated first action (e.g., notifying a Gett driver's mobile device of a ride request based on location information) that is related to controlling a third device (e.g., causing a Gett driver's mobile device enabled with the Gett Driver app to display a ride request interface). As evidenced below, when a nearby device requests a ride using the Gett app, a Gett driver's mobile device receives a notification that causes it to display a ride request via the Gett Driver app.



https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

23. Defendant has, and continues to, indirectly infringe one or more claims of the '435 patent by inducing direct infringement by end users of Gett apps (the "Accused Products").

24. For example, Defendant has induced direct infringement of the '435 patent by users of the Gett Driver app. As described in paragraphs 25-27 (below), a Gett driver's mobile device with the Gett Driver app performs the method of claim 8 at least when a Gett driver receives a ride request via the Gett Driver app.

25. A Gett driver's mobile device with the Gett Driver app (a first device located at a first geographical location) receives geographical location information of a second device located at a second geographical location (e.g., a mobile device with the Gett app that has requested a ride) and a request for a first action to be performed (e.g., a message indicating a driver should be alerted of a drive request). As evidenced below, when a Gett rider requests a ride, a device running the Gett Driver app receives one or more messages that include location information for the rider's mobile device and information indicating a ride request interface should be presented.



https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US

26. The geographical location information of the second device (e.g., mobile device with the Gett app) acts as authentication to allow the first action to be performed. The location information of the second device (e.g., location of mobile device requesting ride) acts as authentication to allow the first action (e.g., alerting a Gett driver of a ride request) because the first action (e.g., alerting a driver of a ride request) is permitted based on the location of the second device.

27. A Gett driver's mobile device with the Gett Driver app performs, based on the request (e.g., ride request), the authenticated first action (e.g., alerting the driver of a ride request) by performing an autonomous download of data (e.g., map/navigation data). As discussed above, the first action is authenticated in accordance with the geographical location information of the second device because the first action (e.g., alerting a driver of a ride request) is permitted based on the location of the second device. As evidenced below, the Gett Driver app alerts a driver of a

10

ride request by automatically downloading map and navigation data that is presented to the driver via a ride request interface.



https://play.google.com/store/apps/details?id=com.gettaxi.dbx.android&hl=en_US

28. Defendant has had knowledge of the '435 patent and its infringements at least based on this complaint.

29. On information and belief, despite having knowledge of the '435 patent, Defendant has specifically intended for persons who acquire and use the Accused Products to do so in a way that infringes the '435 patent, including at least claim 8 (as described above), and Defendant knew or should have known that its actions were inducing infringement.

30. Defendant instructs and encourages users to use the Accused Products in a manner that results in infringement of the '435 patent. For example, Defendant provides the Accused Products to end users with code that when executed by mobile devices running the Accused Products causes the mobile devices to infringe (*e.g.,* as described above).

11

31.     Defendant is liable for its infringements of the '435 patent pursuant to 35 U.S.C. § 271.

32.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.     Plaintiff has satisfied the requirements of 35 U.S.C. § 287 and is entitled to recover damages for infringement occurring prior to the filing of this lawsuit.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '435 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

    f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 31, 2020

Respectfully submitted,

**LAW OFFICE OF NICHOLAS LOAKNAUTH, P.C.**

/s/ Nicholas Loaknauth
Nicholas Loaknauth
SDNY No. NL0880
1460 Broadway
New York, New York 10036
Tel: (212) 641-0745
Fax: (718) 301-1247
nick@loaknauthlaw.com

**GRIFFIN LAW PLLC**

Ryan Griffin (*pro hac vice forthcoming*)
Texas Bar No. 24053687
312 W 8th Street
Dallas, TX 75208
Tel: (214) 500-1797
ryan@griffiniplaw.com

Attorneys for Plaintiff
**MELLACONIC IP LLC**